AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

--- OFFENSE CHARGED ---

Count 1: Title 33, United States Code, Sections 1311, 1319(c)(2)(A), and 1344 – Unpermitted Filling of Wetlands [Violation of the Clean Water Act];
Count 2: Title 33, United States Code, Sections 1311, 1319(c)(2)(A), and 1344 – Unpermitted Filling of Other Waters [Violation of the Clean Water Act]

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**DEFENDANT - U.S.**

▶ JAMES PHILIP LUCERO

**DISTRICT COURT NUMBER**

CR 16 107 HSG

PENALTY:
Imprisonment of up to three years; three year period of supervised release; fine between $5,000 and $50,000 per day of violation.

--- DEFENDANT ---

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

--- PROCEEDING ---

Name of Complaintant Agency, or Person (&Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

MAGISTRATE CASE NO.

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   } If "Yes" give date filed
                         ☐ No     Month/Day/Year _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

Name and Office of Person Furnishing Information on THIS FORM: BRIAN J. STRETCH, ACTING
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): PHILIP J. KEARNEY

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

---

UNITED STATES OF AMERICA,

V.

JAMES PHILIP LUCERO

**CR 16 107**

HSG

DEFENDANT(S).

---

## INDICTMENT

COUNTS ONE AND TWO: 33 U.S.C. §§ 1311, 1319(c)(2)(A), 1344 – Unpermitted Filling of Wetlands

FORFEITURE ALLEGATION: 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) –Forfeiture of Proceeds

---

JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

A true bill.

_____
Foreman

Filed in open court this __15th__ day of

__March, 2016__.

__Karen L__  KAREN L. HOM
Clerk

Bail, $ _no bailament worth_



BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

FILED

2016 MAR 15  P 1: 26

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16 107 |
| Plaintiff, | VIOLATIONS: |
| v. | Title 33, United States Code, Sections 1311, 1319(c)(2)(A), and 1344 – Unpermitted Filling of Wetlands [Violation of the Clean Water Act]; Title 33, United States Code, Sections 1311, 1319(c)(2)(A), and 1344 – Unpermitted Filling of Other Waters [Violation of the Clean Water Act]; Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c)-- Forfeiture |
| JAMES PHILIP LUCERO, | |
| Defendant. | OAKLAND VENUE |

INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

INTRODUCTORY ALLEGATIONS

1. Defendant JAMES PHILIP LUCERO was a resident of the State of California, and a self-described "dirt-broker," who provided contractors and trucking companies with open space to dump fill material, or dirt, taken from construction sites, for a fee.

1

2. Assessor's Parcel Numbers 537-0850-011-04 and 537-0850-005 were two adjoining parcels of real property in the City of Newark, County of Alameda, State of California (hereinafter referred to as the "Site"). The Site was located within a larger area known as "Newark Area 4" or "Area 4" in the City of Newark, generally located west of Stevenson Boulevard, south of Mowry Avenue, west of Union Pacific railroad tracks, and east of Mowry Slough.

3. Mowry Slough, located in part of the Don Edwards San Francisco Bay National Wildlife Refuge, was a tributary of San Francisco Bay and a "water of the United States" as defined in 33 C.F.R. Section 328.3(a)(5) and 40 C.F.R. § 232.2.

4. The Site contained an 11.85 acre area of wetlands adjacent to Mowry Slough (hereinafter "The Wetlands") that was a "water of the United States" as defined in 33 C.F.R. Section 328.3(a)(7).

5. The Site contained a 1.33 acre area of "other waters" (hereinafter "The Other Waters") constituting "waters of the United States" as defined in 33 C.F.R. Section 328.3(a)(3).

The Clean Water Act

6. The Federal Water Pollution Control Act (also known as the Clean Water Act), Title 33, United States Code, Sections 1251, et seq., was enacted in 1948. The goal of the Act is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters. The Clean Water Act and the regulations promulgated pursuant thereto prohibit the discharge of any pollutant or fill material from a point source into the waters of the United States without a permit issued under Section 404 of the Act, Title 33, United States Code, Section 1344. Both the United States Environmental Protection Agency and the Army Corps of Engineers ("USACE") were responsible for implementing and enforcing the Section 404 permit program, and both agencies adopted regulations governing discharges into waters of the United States.

7. The term "discharge of a pollutant" was defined as the addition of any pollutant to navigable waters from any point source. Title 33, United States Code, Section 1362(12)(A).

8. The term "pollutant" included dredged spoil, solid waste, rock, sand, cellar dirt, and industrial, municipal, and agricultural waste discharged into water. Title 33, United States Code, Section United States Code, Section 1362(6). Fill material such as dirt and soil were "pollutants."

9. A "point source" was defined by the Clean Water Act as any discernible, confined and discrete conveyance from which pollutants were discharged, and included, for example, bulldozers, trucks, backhoes, plowing equipment, and other earthmoving equipment. Title 33, United States Code, Section 1362(14).

10. The term "navigable waters" meant the "waters of the United States", including the territorial seas. Title 33, United States Code, Section 1362(7).

11. The term "waters of the United States" included, in part, all waters which were currently used, were used in the past, or were susceptible to use in interstate or foreign commerce, including all waters which were subject to the ebb and flow of the tide; tributaries to such waters; wetlands adjacent to waters identified above; and other waters such as intrastate lakes, rivers, streams (including intermittent streams), mudflats, sandflats, wetlands, sloughs, prairie potholes, wet meadows, playa lakes, or natural ponds, the use, degradation or destruction of which could affect interstate or foreign commerce. 33 C.F.R. § 328.3; 40 C.F.R. § 232.2.

12. The term "wetlands" meant "those areas that [were] inundated or saturated by surface water or groundwater at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions, including swamps, marshes, bogs, and similar areas." 33 C.F.R. § 328.3(b); 40 C.F.R. § 232.2.

13. The USACE used Jurisdictional Determinations ("JDs") to delineate the presence and extent of wetlands and other waters determined to be waters of the U.S. under the Clean Water Act. The

3

USACE issued a JD on October 11, 2007, which identified jurisdictional wetlands and other waters on the Site including The Wetlands and Other Waters described above.

COUNT ONE:   (33 U.S.C. §§ 1311, 1319(c)(2)(A), 1344 – Unpermitted Filling of Wetlands)

14.   Paragraphs 1 through 4 and 6 through 13 are re-alleged and incorporated as if fully set forth herein.

15.   Beginning in or about June 2014 through on or about September 8, 2014, the defendant,

JAMES PHILIP LUCERO,

knowingly discharged and caused to be discharged a pollutant, namely, dirt, soil, and other similar material, from a point source into waters of the United States, namely 11.85 acres of wetlands (The Wetlands) adjacent to waters of the United States, as defined in 33 CFR § 328.3(a)(2), on the Site without a permit issued under Title 33, United States Code, Section 1344, in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(2)(A).

COUNT TWO:   (33 U.S.C. §§ 1311, 1319(c)(2)(A), 1344 – Unpermitted Filling of Other Waters)

16.   Paragraphs 1 through 3 and 5 through 13 are re-alleged and incorporated as if fully set forth herein.

17.   Beginning in or about June 2014 through on or about September 8, 2014, the defendant,

JAMES PHILIP LUCERO,

knowingly discharged and caused to be discharged a pollutant, namely, dirt, soil, and other similar material, from a point source into waters of the United States, namely 1.33 acres of "other waters" as defined in 33 CFR § 328.3(a)(3) (The Other Waters) on the Site without a permit issued under Title 33, United States Code, Section 1344, in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(2)(A).

FORFEITURE ALLEGATION:   (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) –Forfeiture of Proceeds)

18.   The factual allegations contained in paragraphs 1 through 13 of this Indictment are hereby realleged and by this reference fully incorporated herein for the purposes of alleging forfeiture.

19.   Upon a conviction of the offenses alleged in Counts One and Two of this Indictment, the defendant,

4

JAMES PHILIP LUCERO, shall, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said violation, including but not limited to a money judgment for the value of the proceeds derived from this violation.

20. If, as a result of any act or omission of the defendant, any of said property

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendant has in any other property (up to the value of the property subject to forfeiture), shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 3/15/16

A TRUE BILL.

_____
FOREPERSON

BRIAN J. STRETCH
Acting United States Attorney

_____
DAVID R. CALLAWAY
Chief, Criminal Division

(Approved as to form: _____ )
PHILIP J. KEARNEY
Assistant United States Attorney

5