STEVEN G. KALAR
Federal Public Defender
ANGELA M. HANSEN
Assistant Federal Public Defender
1301 Clay Street, Suite 1350N
Oakland, CA 94612
Telephone: (510) 637-3500

Counsel for Defendant LUCERO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-16-00107 HSG |
| Plaintiff, | DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS ON MULTIPLICITY GROUNDS |
| vs. | |
| JAMES LUCERO, | Date: October 24, 2016 |
| Defendant. | Time: 2:00 p.m. |

**INTRODUCTION**

Mr. Lucero moved to dismiss one of the two counts of the indictment on multiplicity grounds because the indictment improperly alleges the same conduct in two different counts and fails to aver distinct acts. The government has opposed Mr. Lucero's motion by attempting to modify the dates of the conduct charged in each count of the indictment. Notwithstanding that both counts of the indictment specifically allege that the discharge of soil without a permit occurred "in or about June 2014 through on or about September 8, 2014," in its opposition the government now claims that so-called "illegal dumping" charged in each count occurred on different dates and times. Government's Consolidated Opposition to defendant's Two Motions to Dismiss ["Gov. Opp."] at 3-4. The government should not be permitted to modify the

1

indictment to survive a multiplicity challenge.  It should be held to the facts as they are alleged in the indictment.  Even if multiplicitous, the government next argues that dismissal is not the appropriate remedy.  *Id*. at 18.  The government is mistaken.

## ARGUMENT

On its face, the indictment charges the unpermitted filling of waters of the United States between June and September 8, 2014.  The date range alleged is exactly the same in both counts.  The *only* difference between the two counts is the alleged nature of the site area filled: count one alleges the affected area was a "wetland" and count two alleges that the discharge occurred in "other waters."  *Compare* Indictment ¶ 15 (count one) *with* ¶ 17 (count two).

The government's opposition, unlike the indictment, alleges three phases of discharge in three areas within the affected site.  The government contends that phase one of Mr. Lucero's alleged discharge on the affected site occurred in June and July 2014 and involved an area within the site that the government concedes may not have contained waters of the United States. Declaration of Wendy Su filed in support of the Government's Opposition ["Su Decl."] ¶ 16 ("it is not clear whether Fill Area One contained waters of the United States.").  The government's opposition states that a second phase of discharge occurred from July to August 2014 in a second fill area that allegedly contained both "other waters" *and* "wetlands" *Id*. ¶ 17 ("Fill Area Two contained both other waters and wetlands in separate locations").  This conduct, according to Agent Su, is charged in both count one and count two of the indictment.  *Id*.  The government finally contends that a third phase of discharge occurred between August and September 2014.  Apparently, a "portion" of this phase three discharge occurred on "wetlands."  *Id*. ¶ 18. According to the government's affiant, this conduct is charged in count one.  *Id.*

The government then argues that Mr. Lucero's multiplicity argument fails because, *inter alia*, the indictment alleges "separate and distinct prohibited acts under the CWA which were committed on *different dates* and in different locations" under the *Blockburger* test.  Gov. Opp. at 18 (emphasis added).  The government repeats this claim throughout its opposition, but that

2

does not mean that it is true. Each separate date of discharge may be a distinct crime under the *Blockburger* test, but the government's indictment has not charged Mr. Lucero with committing a crime on different dates and in different locations.

The Court must hold the government to the precise charges alleged in the indictment; it may not, as the government suggests, look to extraneous facts submitted in a declaration filed in support of its opposition to deny Mr. Lucero's motion. Courts have rejected a summary-judgment style of litigation in which a defendant seeks to dismiss charges based on facts not contained within the four corners of the indictment. *See United States v. Jensen*, 93 F.3d 667, 669-70 (9th Cir. 1996) (explaining that in ruling on a motion to dismiss, the district court may not look beyond the face of the indictment); *United States v. Salman*, 378 F.3d 1266, 1268-69 (11th Cir. 2004) ("The district court's supervisory authority to dismiss indictments cannot be anchored to a kind of criminal summary judgment procedure."). The government must be held to the same standard.

Reading between the lines of its opposition, it is clear the government charged two separate counts here based on the slightly different jurisdictional nature of the affected sites, not based on each unlawful discharge.[1] Gov. Opp. at 16 ("Although the government could have charged defendant's conduct in more than two counts – for instance charging each dump load or each day of dumping – the government instead chose two counts based on the type of waters impacted."); *see also* Gov. Opp. at 18 (the two counts "require proof of a fact that the other count does not, namely, the type of 'water of the United States' under the CWA that defendant's" activities affected). Under this theory, the government has charged counts that are multiplicitous.

---

[1] Nevertheless, the government's opposition concedes that both counts one and two involve an area defined as wetlands but that count two includes a subset of "other waters." In other words, the type of jurisdictional water and/or wetland affected in counts one and two overlaps. Su Decl. ¶ 17 (explaining that fill area two involving discharge between July and August contains both the "other waters" alleged in count two of the indictment and is also "among the approximately 11.85 acres of wetlands referred to in Count One of the indictment as '"The Wetlands."'").

3

In his opening motion, Mr. Lucero explained that the charges as alleged in the indictment here are analogous to federal prosecutions involving multiple guns. The slightly different jurisdictional proof required to support jurisdiction for each firearm does not warrant the government filing separate charges for each gun. Def. Mot. at 6-7 (citing *United States v. Szalkiewicz*, 944 F.2d 653, 654 (9th Cir. 1991)). Similarly, in this case, the slightly different jurisdictional nature of the area of discharge alleged in counts one and two does not warrant separate charges. The government has not in any way distinguished the Ninth Circuit's holding in *Szalkiewicz* other than to contend that it "fail[s] to support" Mr. Lucero's arguments. Gov. Opp. at 17.

In short, both counts of the government's indictment alleges the same acts over the same period of time. The government filed separate charges here because the jurisdictional nature of approximately 1.33 acres on the affected site as charged in count two differed slightly from the 11.85 acres of wetlands charged in count one. The current charges, as alleged, cannot be maintained in two counts. The government should not be permitted to modify the specific dates alleged in the indictment here so that it may proceed on a phased theory of "illegal dumping" that has not been properly charged.

Even if the counts are multiplicitous, the government insists that the remedy for multiplicity is not dismissal. Gov. Opp. at 18. In his opening motion, Mr. Lucero explained that the Federal Rules of Criminal Procedure require a multiplicity motion to be raised as a pretrial motion, suggesting that a multiplicitous indictment should be cured during *pre-trial* proceedings, not after trial. Def. Mot. at 4, n.4. Mr. Lucero acknowledged also that courts have suggested that multiplicitous counts can be resolved after trial, but a post-trial remedy would not cure "the adverse psychological effect on the jury prejudicing the defendant from the repetition of detail of a single course of conduct." *United States v. Swaim*, 757 F.2d 1530, 1537 (5th Cir. 1985). To avoid the unfair prejudice that would result if this case were to proceed to the jury in two counts, Mr. Lucero respectfully asks the Court to address the multiplicitous indictment before trial.

**CONCLUSION**

For these reasons and for all the reasons set forth in Mr. Lucero's opening motion, he respectfully requests that the court dismiss one of the two counts of the indictment on multiplicity grounds or require the government to choose a count on which to proceed.

Dated: September 27, 2016

                                        Respectfully submitted,

                                        STEVEN G. KALAR
                                        Federal Public Defender

                                        /s/ Angela M. Hansen
                                        ANGELA M. HANSEN
                                        Assistant Federal Public Defender