AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

*(FILED stamp: 2017 JAN 31 P 3:05, SUSAN Y. SOONG, CLERK, US DISTRICT COURT, NO. DIST. OF CA.)*

### OFFENSE CHARGED

Counts 1&3: 33 United States Code, Sections 1311, 1319(c)(2)(A), and 1344 – Unpermitted Filling of Wetlands [Violation of the Clean Water Act];
Count 2: Title 33, United States Code, Sections 1311, 1319(c)(2)(A), and 1344 – Unpermitted Filling of Tributary [Violation of the Clean Water Act]

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**DEFENDANT - U.S.**
▶ JAMES PHILIP LUCERO

**DISTRICT COURT NUMBER**
16-CR-00107 HSG

**PENALTY:**
Imprisonment of up to three years; three year period of supervised release; fine between $5,000 and $50,000 per day of violation.

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

Environmental Protection Agency

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.
16-CR-00107 HS

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: BRIAN J. STRETCH
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned) PHILIP J. KEARNEY

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☑ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

# United States District Court
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: OAKLAND



FILED
2017 JAN 31 P 3:05
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

---

UNITED STATES OF AMERICA,

V.

JAMES PHILIP LUCERO

CR 16 107 HSG

DEFENDANT(S).

---

## SUPERSEDING INDICTMENT

COUNTS ONE, TWO, AND THREE: 33 U.S.C. §§ 1311, 1319(c)(2)(A), 1344 – Unpermitted Discharge of Fill Material to Wetlands and Tributary;

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) –Forfeiture of Proceeds

---

A true bill.

_____
Foreman

Filed in open court this 31st day of January, 2017.

_Melinda Lozenski_
Clerk

SALLIE KIM
United States Magistrate Judge

NO PROCESS

Bail, $ _____

1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10                                 OAKLAND DIVISION
11
12 | UNITED STATES OF AMERICA,           ) No. 16-CR-00107 HSG
                                         )
13 |         Plaintiff,                  ) VIOLATIONS:
                                         ) Title 33, United States Code, Sections 1311,
14 |    v.                               ) 1319(c)(2)(A), and 1344 – Unpermitted Filling of
                                         ) Wetlands and Tributary [Violation of the Clean Water
15                                       ) Act]; Title 18, United States Code, Section
                                         ) 981(a)(1)(C) and Title 28, United States Code,
16 | JAMES PHILIP LUCERO,                ) Section 2461(c)--Forfeiture
                                         )
17                                       )
                                         ) OAKLAND VENUE
18 |         Defendant.                  )
                                         )
19                                       )
                                         )
20
21                            S U P E R S E D I N G   I N D I C T M E N T
22  The Grand Jury charges:
23       At all times relevant to this Superseding Indictment:
24                              INTRODUCTORY ALLEGATIONS
25       1.   Defendant JAMES PHILIP LUCERO was a resident of the State of California, and a self-
26  described "dirt-broker," who provided contractors and trucking companies with open space to dump fill
27  material, or dirt, taken from construction sites, for a fee.
28

1

2.      Assessor's Parcel Numbers 537-0850-011-04 and 537-0850-005 were two adjoining parcels of real property in the City of Newark, County of Alameda, State of California (the "Site"). The Site was located within a larger area known as "Newark Area 4" or "Area 4" in the City of Newark, generally located west of Stevenson Boulevard, south of Mowry Avenue, west of Southern or Union Pacific railroad tracks, and east of Mowry Slough.

3.      Mowry Slough, located in part of the Don Edwards San Francisco Bay National Wildlife Refuge, was a navigable tributary of San Francisco Bay and a "water of the United States" as defined in 33 C.F.R. § 328.3(a)(1) and (a)(5) (2014) and 40 C.F.R. § 232.2 (2014). All citations herein to the Code of Federal Regulations are to the edition published on July 1, 2014.

4.      The Site contained wetlands adjacent to Mowry Slough ("the Wetlands") that were "waters of the United States" as defined in 33 C.F.R. § 328.3(a)(7) and 40 C.F.R. § 232.2. The Wetlands were subdivided by a flood control channel—sometimes referred to as Alameda County Flood Control and Water Conservation District Line D, running in a generally northeast direction from Mowry Slough toward the Southern or Union Pacific Railroad tracks to the east of the Site—into a generally northern section ("Northern Section"), and a generally southern section ("Southern Section").

5.      The Northern Section of the Site contained a tributary of Mowry Slough ("the Tributary") constituting "waters of the United States" as defined in 33 C.F.R. § 328.3(a)(5) and 40 C.F.R. § 232.2.

The Clean Water Act

6.      The Clean Water Act, Title 33, United States Code, Sections 1251, et seq. was enacted in 1972 as the Federal Water Pollution Control Act, and amended in 1977 and 1987. The goal of the Act was to restore and maintain the chemical, physical, and biological integrity of the Nation's waters. The Clean Water Act and the regulations promulgated pursuant thereto prohibit the discharge of fill material from a point source into the waters of the United States without a permit issued under Section 404 of the Act, Title 33, United States Code, Section 1344. Both the United States Environmental Protection Agency and the Army Corps of Engineers ("USACE") were responsible for implementing and enforcing the Section 404 permit program, and both agencies adopted regulations governing discharges into waters of the United States.

2

7. The Clean Water Act prohibited the discharge of any pollutant except as authorized by the Act. Title 33, United States Code, Section 1311(a). The term "discharge of a pollutant" was defined as the addition of any pollutant to navigable waters from any point source. Title 33, United States Code, Section 1362(12)(A).

8. The term "pollutant" included dredged spoil, solid waste, rock, sand, cellar dirt, and industrial, municipal, and agricultural waste discharged into water. Title 33, United States Code, Section 1362(6). Fill material such as dirt and soil were "pollutants."

9. A "point source" was defined by the Clean Water Act as any discernible, confined and discrete conveyance from which pollutants were discharged, and included, for example, bulldozers, trucks, backhoes, plowing equipment, and other earthmoving equipment. Title 33, United States Code, Section 1362(14).

10. The term "navigable waters" meant the "waters of the United States," including the territorial seas. Title 33, United States Code, Section 1362(7).

11. The term "waters of the United States" included, in part, all waters which were currently used, were used in the past, or were susceptible to use in interstate or foreign commerce, including all waters which were subject to the ebb and flow of the tide; tributaries to such waters; and wetlands adjacent to waters identified above. 33 C.F.R. § 328.3; 40 C.F.R. § 232.2.

12. The term "wetlands" meant "those areas that [were] inundated or saturated by surface water or groundwater at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions, [generally including] swamps, marshes, bogs, and similar areas." 33 C.F.R. § 328.3(b); 40 C.F.R. § 232.2.

13. The USACE used jurisdictional determinations to delineate the presence and extent of wetlands and other waters determined to be waters of the United States under the Clean Water Act. The USACE issued a jurisdictional determination on October 11, 2007, which identified jurisdictional wetlands and other waters on the Site including the Wetlands and the Tributary described above. Subsequent visits to Newark Area 4 by the USACE and others confirmed the presence and extent of jurisdictional waters of the United States.

COUNT ONE:   (33 U.S.C. §§ 1311(a), 1319(c)(2)(A), 1344 – Unpermitted Discharge of Fill Material to Wetlands)

14. Paragraphs 1 through 13 are re-alleged and incorporated as if fully set forth herein.

15. Beginning in or about July 2014 through in or about August 2014, in the Northern District of California, the defendant,

JAMES PHILIP LUCERO,

knowingly discharged and caused to be discharged a pollutant, namely, dirt, soil, and other similar material, from a point source into waters of the United States, namely approximately 3.90 acres of wetlands in the Northern Section of the Wetlands, as defined in 33 C.F.R. § 328.3(a)(7), on the Site without a permit issued under Title 33, United States Code, Section 1344, in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(2)(A).

COUNT TWO:   (33 U.S.C. §§ 1311(a), 1319(c)(2)(A), 1344 – Unpermitted Discharge of Fill Material to Tributary)

16. Paragraphs 1 through 13 are re-alleged and incorporated as if fully set forth herein.

17. Beginning in or about July 2014 through in or about August 2014, in the Northern District of California, the defendant,

JAMES PHILIP LUCERO,

knowingly discharged and caused to be discharged a pollutant, namely, dirt, soil, and other similar material, from a point source into waters of the United States, namely an approximately 1.28-acre area within the Tributary, as defined in 33 C.F.R. § 328.3(a)(5), on the Site without a permit issued under Title 33, United States Code, Section 1344, in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(2)(A).

///
///
///
///
///
///

COUNT THREE:   (33 U.S.C. §§ 1311(a), 1319(c)(2)(A), 1344 – Unpermitted Discharge of Fill Material to Wetlands)

18. Paragraphs 1 through 13 are re-alleged and incorporated as if fully set forth herein.

19. Beginning in or about August 2014 through on or about September 8, 2014, in the Northern District of California, the defendant,

JAMES PHILIP LUCERO,

knowingly discharged and caused to be discharged a pollutant, namely, dirt, soil, and other similar material, from a point source into waters of the United States, namely approximately 7.95 acres of wetlands in the Southern Section of the Wetlands, as defined in 33 C.F.R. § 328.3(a)(7), on the Site without a permit issued under Title 33, United States Code, Section 1344, in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(2)(A).

FORFEITURE ALLEGATION:   (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) – Forfeiture of Proceeds)

20. The factual allegations contained in paragraphs 1 through 13 of this Indictment are hereby realleged and by this reference fully incorporated herein for the purposes of alleging forfeiture.

21. Upon a conviction of the offenses alleged in Counts One, Two, and Three of this Superseding Indictment, the defendant,

JAMES PHILIP LUCERO,

shall, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said violation, including but not limited to a money judgment for the value of the proceeds derived from this violation.

22. If, as a result of any act or omission of the defendant, any of said property

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to or deposited with, a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or

...

e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendant has in any other property (up to the value of the property subject to forfeiture), shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 1/31/17

A TRUE BILL.

_____
FOREPERSON

BRIAN J. STRETCH
United States Attorney

_____
BARBARA J. VALLIERE
Chief, Criminal Division

(Approved as to form: _____
PHILIP J. KEARNEY
Assistant United States Attorney