UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES PHILIP LUCERO,<br><br>        Defendant. | Case No. 16-cr-00107-HSG-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY, OR, ALTERNATIVELY, FOR A DAUBERT HEARING**<br><br>Re: Dkt. No. 67 |

       Currently pending before the Court is Defendant's motion to exclude expert testimony, or, alternatively, for a *Daubert* hearing. Defendant filed his motion on October 2, 2017. Dkt. No. 67 ("Mot."). On October 16, 2017, the Government filed a response. Dkt. No. 68 ("Opp."). Defendant replied on October 23, 2017. Dkt. No. 69 ("Reply"). On November 20, 2017, the parties argued the motions. *See* Dkt. No. 80.

       One week later, the Ninth Circuit issued an opinion in *United States v. Robertson*, 875 F.3d 1281 (9th Cir. 2017). Both parties have recognized *Robertson*'s significance to the issues presented in this case, including the pending expert testimony issues. *See, e.g.*, Dkt. Nos. 50 at 16 n.8, 52 at 6 n.4, Opp. at 5, Reply at 4–5. The Court accordingly heard additional argument on December 4, 2017 regarding the impact of the Ninth Circuit's ruling. *See* Dkt. No. 85. Both parties filed supplemental submissions following the hearing. Dkt. Nos. 84 ("Gov. Supp. Mot."), 99 ("Def. Supp. Mot."). Having considered the parties' arguments, the Court **DENIES** Defendant's motion.[1]

---

[1] The Court set forth the relevant facts in its prior orders denying Defendant's motions to dismiss the indictment and the superseding indictment. *See* Dkt. Nos. 32, 78. The Court incorporates those unchanged facts here.

## I. DISCUSSION

Defendant moves to exclude the Government's proffered expert testimony on two grounds. First, Defendant argues that this testimony is improper "ultimate issue" testimony because it relates to the jurisdictional scope of the Clean Water Act ("CWA"). *See* Mot. at 3–7. Second, Defendant argues that this testimony is neither reliable nor relevant, and is therefore inadmissible under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). *Id.* at 7–22. Defendant alternatively requests that the Court hold a *Daubert* hearing to determine whether the evidence is admissible. *See id.*

### A. The Government's Proffered Testimony Does Not Improperly Embrace An Ultimate Issue

"Expert testimony is properly admissible when it serves to assist the trier of fact to understand the evidence or determine a fact in issue." *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993); Fed. R. Evid. 702(a). Federal Rule of Evidence ("Rule") 704(a) clarifies that "[a]n opinion is not objectionable just because it embraces an ultimate issue." "That said, an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citations and quotations omitted) (emphasis in original).

The Government's proffered testimony is not improper "ultimate issue" testimony. In general terms, the Government's experts will opine on the jurisdictional characteristics of certain bodies of water, including wetlands and a tributary. *See* Opp. at 2. The Government alleges that Defendant unlawfully discharged fill materials into these bodies of water, which are proximate to another hydrologic area, Mowry Slough. Dkt. No. 39 at 2. Specifically, the Government's experts will testify to whether these bodies of water have a significant nexus with Mowry Slough, share a continuous surface connection to Mowry Slough, or qualify as waters of the United States. *See* Opp. at 2. While this testimony invokes legal terminology, that alone does not disqualify it. As the Ninth Circuit stated in *Hangarter*, "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be

2

called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *See* 373 F.3d at 1017 (quotations omitted) (finding that an expert did not improperly opine on an ultimate issue of law where he "never testified that he has reached a legal conclusion that Defendants actually acted in bad faith").

In addition, this testimony is properly admitted under Rule 702(a) because it will aid the jury in deciding the many complex factual issues presented in this case. Courts have found similarly in analogous circumstances. For instance, a court in this District allowed an expert to opine on whether a body of water qualified as a "water of the United States." *See San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 740–41 (N.D. Cal. 2011) (permitting expert testimony on whether the Defendant discharged sewage into surface waters, and whether those surface waters were "waters of the United States" within the meaning of the CWA). In *Robertson,* the district court allowed the Government's expert, there a state program manager for the Army Corps of Engineers, to testify to: (1) regulatory and judicial interpretations of waters of the United States, (2) jurisdictional characteristics of wetlands, adjacent wetlands, tributaries, and intermittent tributaries; (3) what qualifies a body of water as having a significant nexus with a traditionally navigable water; (4) whether the Government's expert found a significant nexus in that case; and (5) whether the tributaries and wetlands at issue were waters of the United States. *See* Case No. 6:15-cr-00007-DWM, Dkt. No. 210 at 372–73, 389–96, 435–440.

On appeal, the Ninth Circuit in *Robertson* affirmed the district court's decision to admit that expert testimony. *See* 875 F.3d at 1294. In so doing, the Ninth Circuit reiterated that "it is the district court—not an expert witness—that instructs the jury on what the law is." *Id.* (citing *Weitezenhoff*, 35 F.3d at 1287). The Ninth Circuit found that the district court had given "clear instructions on both the elements of a CWA violation, and the meaning of the term 'waters of the United States.'" *Id.* at 1294–95. As Defendant noted at oral argument, the Ninth Circuit did not expressly decide the "ultimate issue" objection raised here. *See id.* at 1295 n.5. And yet, the Ninth Circuit's reasoning supports the conclusion that admitting the proffered testimony respects the roles of the Court and the jury.

That conclusion likewise flows from the Ninth Circuit's recent ruling in *United States v.*

*Diaz*, 876 F.3d 1194 (9th Cir. 2017). Revisiting this Circuit's "ultimate issue" rule, the *Diaz* court held that "if the terms used by an expert witness do not have a specialized meaning in law *and* do not represent an attempt to instruct the jury on the law, or how to apply the law to the facts of the case, the testimony is not an impermissible legal conclusion." 876 F.3d at 1199 (emphasis added). The Ninth Circuit found that the disputed testimony before it was permissible under Rules 702 and 704 because it was "needed to assist the jury," and the expert "did not substitute his judgment for the jury's." *Id.* at 1199. Defendant is correct that *Diaz* is distinguishable in that the expert there testified to terms that lacked "specialized legal significance." *See id.*; Def. Supp. Mot. at 3. Nonetheless, the Court's conclusion here is consistent with *Diaz* in that the Court, not the Government's experts, will "instruct the jury on the law." *See* 876 F.3d at 1199; *Robertson*, 875 F.3d at 1294–95.

Adopting Defendant's proposed approach would not adequately instruct the jury, as it would permit some relevant testimony but preclude other comparable testimony. Defendant, for instance, does not seek to exclude expert testimony on whether Mowry Slough is a "traditionally navigable water," or whether certain bodies of water were "wetlands" at the time of Defendant's conduct. *See* Dkt. No. 77-2. Defendant does not draw a principled distinction between allowing testimony on these terms and terms like "adjacency," "continuous surface connection," or "significant nexus." All of these phrases carry jurisdictional significance and particularized meaning within the context of the CWA. *See Robertson*, 875 F.3d at 1295 (observing that "'whether the water is navigable [*i.e.*, is subject to CWA jurisdiction] is part of one element of a CWA violation,' which the Government can be required to prove at trial") (quoting *United States v. Phillips*, 367 F.3d 846, 855 n.25 (9th Cir. 2004)). The Court would draw a similarly arbitrary distinction—to the jury's detriment—were it to allow testimony on these terms, but exclude testimony on whether a body of water is a water of the United States.

Admitting the Government's proffered testimony thus appropriately preserves the roles of the witnesses, the Court, and the trier of fact. As set forth in *Robertson,* it is the Court's duty to instruct the jury on what the applicable law is. It is subsequently "the jury, using the instructions provided by the judge" that ultimately determines whether the waters at issue are "waters of the

4

United States." *Id.*

### B. The Government's Proffered Testimony Is Admissible Under *Daubert*, And No Separate Hearing Is Required

Defendant separately moves the Court to exclude the Government's proffered testimony under *Daubert*'s dual relevance and reliability requirements. Defendant argues that the Government's proffered testimony has "no bearing on the jurisdictional status" of the property at issue because it does not assume certain climatic variation and human alterations. *See* Mot. at 10.

Federal Rule of Evidence 702 allows a qualified expert to testify "in the form of an opinion or otherwise" where:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Expert testimony is admissible under Rule 702 if it is both relevant and reliable. *See Daubert*, 509 U.S. at 589. "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("The requirement that the opinion testimony assist the trier of fact goes primarily to relevance.") (quotation omitted). Under the reliability requirement, the expert testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. To ensure reliability, the Court "assess[es] the [expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Id.* at 564.

The Government's proffered testimony is both relevant and reliable. The Government's experts are experienced and well-trained in fields relating to land surveying, ecology, hydrology, forensic accounting, and water analysis. *See* Dkt. No. 67-1. As for methodology, these experts rely primarily on the *U.S. Army Corps of Engineers Wetlands Delineation Manual* ("the Manual") and a regional supplement to that manual. Opp. at 1, 9; *see* Dkt. Nos. 68-1, 68-2. The Manual is peer-reviewed, and generally accepted within the scientific community. Dkt. No. 68-3 ¶ 6. The

5

Manual and its regional supplement provide methods for wetland identification and delineation; those methods account for climatic variation including drought. *See* Opp. at 10–13; Dkt. No. 68-1 at 9–10, 84–85; Dkt. No. 68-2 at 1–3, 102–107. The Manual likewise provides approaches for discerning human-induced disturbances and changes to hydrologic conditions. Dkt. No. 68-1 at 73–83.

Even if Defendant is correct that the relevant properties have changed over time, that alone does not warrant excluding the proffered testimony. An expert's historical perspective could, for instance, still aid the jury in assessing whether a body of water now qualifies as a wetland or tributary within the CWA's scope. *See* Opp. at 15. Defendant's arguments go to the weight that the jury should accord the Government's testimony—not whether it should be barred outright. *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (recognizing that the admissibility inquiry is a "flexible" one, and that "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion). In sum, the Government's experts are equipped to present reliable and relevant opinions based on their qualifications and methodologies. This testimony satisfies *Daubert*'s threshold requirements, and no pretrial hearing is required.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to exclude expert testimony, or, alternatively, for a *Daubert* hearing.

**IT IS SO ORDERED.**

Dated: 1/18/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge