1

2

3

4  UNITED STATES DISTRICT COURT

5  NORTHERN DISTRICT OF CALIFORNIA

6

7  USA,                              Case No.  16-cr-00107-HSG-1

8            Plaintiff,              **PROPOSED JURY INSTRUCTIONS**

9       v.

10 JAMES PHILIP LUCERO,

11            Defendant.

United States District Court
Northern District of California

## **Instruction No. – Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return, that is a matter entirely up to you.

## **Instruction No. – Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## **Instruction No. – Defendant's Decision Not To Testify**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

## **Instruction No.  – Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

### **Instruction No.  – What Is Evidence**

The evidence from which you are to decide what the facts are consists of:

    1.  the sworn testimony of any witness;

    2.  the exhibits which have been received in evidence; and

    3.  any facts to which the parties have agreed.

### Instruction No. – What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Instruction No.  – Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## <u>Instruction No. – Credibility of Witnesses</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## **Instruction No.  – Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### <u>Instruction No.  – Separate Consideration of Multiple Counts—Single Defendant</u>

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

## **Instruction No.  – On or About—Defined**

The indictment charges that the offense alleged in this case were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## **Instruction No.  – Statement of Defendant**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**Instruction No. – Opinion Evidence, Expert Witness**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No. – Dual Role Testimony**

You have heard testimony from several witnesses who testified to both facts and opinions and the reasons for their opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

## **<u>Instruction No. – Summaries Not Received in Evidence</u>**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## **Instruction No. – Knowingly—Defined**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### **Instruction No.  – Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## Instruction No. – Elements of Clean Water Act Violation

The defendant is charged in Counts I, II, and III of the Superseding Indictment with knowingly discharging or causing to be discharged pollutants, namely fill material, at the locations described in Counts I, II, and III of the Superseding Indictment, from a point source or point sources, into a "water of the United States," without a permit issued by the United States Army Corps of Engineers, all in violation of the Clean Water Act, 33 U.S.C. §§ 1311(a), 1319(c)(2)(A) and 1344.

In order for you to find the defendant guilty of the crimes charged in Counts I, II, or III, the government must prove each of the following elements beyond a reasonable doubt:

1. That on or about the dates charged, the defendant knowingly discharged or caused to be discharged a pollutant, in this case, fill material;

2. That the pollutant was discharged from a point source;

3. That the discharge was to a "water of the United States;" and

4. That the defendant had no permit from the United States Army Corps of Engineers to discharge the pollutant.

The discharges are alleged to have occurred as follows:

| Count | Date | Location |
|---|---|---|
| I | Beginning in or about July 2014 through in or about August 2014 | Approximately 3.90 acres of jurisdictional wetlands in the Northern Section of the Site. |
| II | Beginning in or about July 2014 through in or about August 2014 | Approximately 1.28 acres within a jurisdictional tributary in the Northern Section of the Site. |
| III | Beginning in or about August 2014 through on or about September 8, 2014 | Approximately 7.95 acres of jurisdictional wetlands in the Southern Section of the Site. |

The government is not required to prove defendant's knowledge of the law. That is, the government is not required to prove that defendant knew that the material came within the legal definition of "pollutant," that the conveyance came within the legal definition of a "point source," that the water has a significant nexus to traditional navigable waters, or that a permit was required for the discharge. Neither is the government required to prove defendant's knowledge of any connections between the receiving body of water and any other water body, nor that defendant knew his actions were unlawful or that they violated the Clean Water Act.

## Instruction No.  – Point Source—Definition

    The term "point source" means any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, container, dump truck, bulldozer, backhoe, and similar equipment or machinery from which pollutants can be discharged.

## Instruction No.  – Fill Material—Definition

The term "fill material" means material placed in "waters of the United States" where the material has the effect of:  (1) replacing any portion of a "water of the United States" with dry land, or (2) changing the bottom elevation of any portion of a "water of the United States."  Examples of such fill material include but are not limited to:  dirt, rock, gravel, sand, soil, clay, plastics, construction debris, and wood chips.

**<u>Instruction No. – Waters of the United States—Definition</u>**

The term "waters of the United States" includes traditional navigable waters and tributaries and/or adjacent wetlands that have a significant nexus to traditional navigable waters. A tributary or adjacent wetland has a significant nexus to traditional navigable waters if it (either alone or in combination with similarly situated water bodies in the region) significantly affects the chemical, physical, or biological integrity of traditional navigable waters. In order to find a discharge was into a tributary or a wetland that is a "water of the United States," you must unanimously agree that the facts satisfy this definition.

Traditional navigable waters are waters that are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide. The parties have agreed that Mowry Slough is a traditional navigable water and a "water of the United States."

Tributaries are waterbodies—either natural, man-altered, or man-made that contribute flow to a traditional navigable water. Tributaries that flow seasonally can be "waters of the United States" if they have a significant nexus to traditional navigable waters.

Wetlands are those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions. Wetlands immediately adjacent to "waters of the United States" include swamps, marshes, bogs, and similar areas. The term "adjacent" means bordering, contiguous, or neighboring. Wetlands separated from other "waters of the United States" by man-made dikes or barriers, natural river berms, beach dunes, and the like are "adjacent wetlands." A significant nexus may be inferred when wetlands are adjacent to traditional navigable waters.

To be navigable, "waters of the United States," including wetlands, do not need to be "navigable-in-fact," that is, boats need not be able to navigate on them.

## Instruction No. – Compliance with Permit—Definition

If you find the subject waters are "waters of the United States," then you may consider the following:

The Clean Water Act prohibits discharges of pollutants into the waters of the United States except in compliance with a permit.

Permits issued by the United States Army Corps of Engineers pursuant to Section 404 of the Clean Water Act are required for the discharge of fill material into "waters of the United States" regardless of who owns the property where the discharge occurred.

The government need only show that the defendant did not have, at the time of the discharge, a permit issued by the United States Army Corps of Engineers allowing him to discharge fill material into the "waters of the United States." No other state or federal agency is authorized by federal law to issue a permit for, or otherwise excuse, action that violates the Clean Water Act.

## Instruction No. – Aiding and Abetting

A defendant may be found guilty of a Clean Water Act violation, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of a Clean Water Act violation by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, a violation of the Clean Water Act was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of a Clean Water Act violation;

Third, the defendant acted with the intent to facilitate the Clean Water Act violation; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit a Clean Water Act violation.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

## Instruction No. – Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

## Instruction No. – Use of Notes

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### <u>Instruction No.  – Duty to Deliberate</u>

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **Instruction No. – Verdict Form**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

### Instruction No. – Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.