```
                                                    VOLUME 9

                                                    PAGE 1406 - 1422

               UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE HAYWOOD S. GILLIAM JR., JUDGE

UNITED STATES OF AMERICA,    )
                             )
          PLAINTIFF,         )   NO. CR-16-00107 HSG
                             )
  VS.                        )   TUESDAY, FEBRUARY 20, 2018
                             )
JAMES PHILIP LUCERO,         )   OAKLAND, CALIFORNIA
                             )
          DEFENDANT.         )   JURY INSTRUCTION CONFERENCE
_____)

              REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR PLAINTIFF:          ALEX G. TSE, ESQUIRE
                        ACTING UNITED STATES ATTORNEY
                        450 GOLDEN GATE AVENUE, 11TH FLOOR
                        SAN FRANCISCO, CALIFORNIA  94102
                   BY:  PHILIP J. KEARNEY,
                        SHIAO C. LEE,
                        ASSISTANT UNITED STATES ATTORNEYS


FOR DEFENDANT:          FEDERAL PUBLIC DEFENDER'S OFFICE
                        1301 CLAY STREET, SUITE 1350N
                        OAKLAND, CALIFORNIA 94612
                   BY:  ANGELA M. HANSEN,
                        NED SMOCK,
                        ASSISTANT FEDERAL PUBLIC DEFENDERS


REPORTED BY:            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                        OFFICIAL COURT REPORTER


     TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION
```

```
 1    TUESDAY, FEBRUARY 20, 2018                         10:00 A.M.
 2                         P R O C E E D I N G S
 3         (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.)
 4              THE CLERK:  CALLING CR-16-00107 UNITED STATES OF
 5    AMERICA VERSUS JAMES PHILIP LUCERO.
 6         PLEASE STEP FORWARD AND STATE YOUR APPEARANCES FOR THE
 7    RECORD.
 8         I'M SORRY, I DID NOT TURN ON THE SOUND SO GIVE IT ONE
 9    SECOND.
10              MS. LEE:  GOOD MORNING, SHIAO LEE AND PHILIP KEARNEY
11    ON BEHALF OF THE UNITED STATES.
12              THE COURT:  GOOD MORNING, MS. LEE.
13              MR. SMOCK:  GOOD MORNING, YOUR HONOR.  NED SMOCK FOR
14    MR. LUCERO, WHO IS PRESENT AND OUT OF CUSTODY.
15              MS. HANSEN:  AND ALSO -- GOOD MORNING, YOUR HONOR.
16    ANGELA HANSEN FOR MR. LUCERO.
17              THE COURT:  GOOD MORNING.
18         OKAY.  SO WE'VE GOT A FEW CHARGING CONFERENCE ISSUES ON
19    FOR THIS MORNING.  I FILED, AS YOU SAW YESTERDAY, A SET OF
20    PROPOSED INSTRUCTIONS AND A PROPOSED VERDICT FORM.
21         THE DEFENSE HAD FILED A MEMORANDUM OF LAW ON FRIDAY
22    REGARDING A COUPLE OF ITS PROPOSED INSTRUCTIONS.  THE
23    GOVERNMENT FILED A RESPONSE TO THAT AS WELL AS ITS OWN MEMO
24    LAST NIGHT.
25         IT STRUCK ME THAT THE ISSUES RAISED BY THE FILINGS ARE
```

1 THESE: ONE IS THE GOVERNMENT'S RAISED AN ISSUE WITH REGARD TO
2 THE DESCRIPTION OF THE LOCATION IN THE "WATERS OF THE U.S."
3 INSTRUCTION, THE DEFENSE IS REQUESTING A MISSING WITNESS
4 INSTRUCTION, AND THEN THE PARTIES HAVE A NUMBER OF DISPUTES
5 ABOUT THE SUBSTANCE OF THE CLEAN WATER ACT SUBSTANTIVE
6 INSTRUCTION.
7     ARE THERE OTHER DISPUTES BEYOND THOSE?
8         **MR. SMOCK:** I THINK THAT'S A GOOD SUMMARY OF THE
9 ISSUES.
10        **THE COURT:** ALL RIGHT. SO WHY DON'T WE TAKE THEM IN
11 THAT ORDER.
12    WITH REGARD TO THE LOCATION ISSUE, I'M NOT TOTALLY SURE
13 WHAT THE ISSUE IS. THE DESCRIPTION OF THE APPROXIMATE NUMBER
14 OF ACRES OF WETLAND OR TRIBUTARY RESPECTIVELY IS FROM THE
15 INDICTMENT, AND THE ONLY PURPOSE IS TO TRY TO DESCRIBE THE
16 LOCATION.
17    I WOULD BE ASTOUNDED IF THE DEFENSE IS PLANNING TO ARGUE
18 THAT THAT MEANS THAT THERE HAS TO BE EXACTLY THAT VOLUME OF
19 FILL. I GUESS IF THEY DID ARGUE THAT, I PROBABLY WOULD GIVE
20 THE AMOUNT OF POLLUTANT INSTRUCTION, BUT I CAN'T IMAGINE THAT
21 THAT'S LIKELY.
22    WHAT'S THE ISSUE? WHY IS DESCRIBING THE SITE CONSISTENT
23 WITH WHAT'S IN THE INDICTMENT WRONG?
24        **MS. LEE:** I GUESS TWO THINGS. THE FIRST IS WE ARE
25 WORRIED THAT EVEN IF THE DEFENSE DOES NOT ARGUE THAT IN

1  CLOSING, WHEN THE JURORS ARE BACK IN THEIR DELIBERATION ROOM
2  AND THEY ARE THINKING ABOUT THE INSTRUCTIONS, THAT THEY MAY BE
3  UNDER THE MISUNDERSTANDING THAT WE HAVE TO SHOW ALL 3.90 ACRES
4  WERE FILLED.
5      LET'S SAY THEY BELIEVE THAT THE FILL ONLY ENTERED INTO 3.8
6  OF IT.  OR, FOR INSTANCE, IN THAT TRIBUTARY SECTION, THE
7  TRIBUTARY, AS THE TESTIMONY HAS COME OUT, IS KIND OF A SINUOUS
8  CHANNEL THAT RUNS FROM THAT PINCH POINT DOWN TO THE CULVERT
9  PIPE.  MAYBE THEY'LL FEEL THAT THE TRIBUTARY IS NOT 1.28 ACRES
10 IN WIDTH OR LENGTH.
11          **THE COURT:**  WOULD YOUR CONCERN, SUCH AS IT IS, BE
12 OBVIATED BY SIMPLY SAYING JURISDICTIONAL WETLANDS,
13 JURISDICTIONAL TRIBUTARY AND JURISDICTION WETLANDS WITHOUT THE
14 NUMBER?  IS THE NUMBER THE ISSUE?
15          **MS. LEE:**  I GUESS SO, YES, YOUR HONOR.
16          **THE COURT:**  DO YOU OPPOSE THAT?
17          **MS. HANSEN:**  WOULD THE WORD "APPROXIMATELY" FIX THAT
18 YOUR HONOR?
19     IT'S WHAT WAS CHARGED IN THE INDICTMENT.  WE ARE NOT, AS
20 THE COURT SAID, ARGUING --
21          **MR. KEARNEY:**  YOUR HONOR --
22          **MS. HANSEN:**  -- AS INDICATED.  I AM GOING TO LET
23 MR. SMOCK -- I'LL HANDLE THIS ISSUE.  HE'S DOING THE REST.
24     I DON'T UNDERSTAND.  THEY HAVE AN EXHIBIT 3 THAT ACTUALLY
25 DELINEATES THE AREAS IMPACTED AND HOW MUCH WAS FILLED.  SO I'M

1  NOT SURE WHY -- IT ALREADY DOES SAY "APPROXIMATELY".  THAT'S
2  RIGHT.  MR. SMOCK IS SHOWING THAT TO ME.  I DON'T SEE HOW THIS
3  IS AN ISSUE ESPECIALLY SINCE IT IS IN THE INDICTMENT.
4      **MR. KEARNEY:**  YOUR HONOR, IF I CAN ALSO BE HEARD.
5  COUNSEL, ARE YOU -- I DON'T WANT TO CUT YOU OFF.
6  HAVE YOU FINISHED YOUR THOUGHT?
7      **MS. HANSEN:**  SURE.
8      **MR. KEARNEY:**  IF I CAN BE HEARD ON THIS ISSUE AS
9  WELL.
10  THERE IS ANOTHER JUST PRACTICAL CONSIDERATION REGARDING
11  THIS, THE ACREAGE BEING INSERTED.  THE GOVERNMENT DIDN'T --
12  THE GOVERNMENT PROVED THE TOTAL AMOUNT OF ACREAGE FILLED.  WE
13  PUT IN EXHIBIT 3 WHICH TALKS ABOUT VARIOUS FILLS AND ACREAGES.
14  HOWEVER, THE GOVERNMENT DIDN'T PROVE THAT THE FILL THAT WAS
15  THE SUBJECT OF COUNT ONE WAS 3.9 ACRES, IT DIDN'T PROVE THAT
16  THE FILL INTO THE AQUATIC OR TRIBUTARY AREA WAS 1.28, AND THAT
17  THE FILL INTO THE WETLANDS IN THE SOUTH WAS 7.95.
18  WE HAVE PREPARED -- IF THE COURT IS INCLINED TO LEAVE
19  THOSE NUMBERS IN THE PROPOSED INSTRUCTIONS AND NOT GIVE AN
20  ADDITIONAL INSTRUCTION, WE HAVE PREPARED A QUICK STIPULATION
21  THAT DR. BOURSIER, IF CALLED TO TESTIFY, WOULD SAY THAT THOSE
22  NUMBERS ARE ACCURATE BASED ON HIS GPS ANALYSIS.  HE IS
23  AVAILABLE TO TESTIFY TOMORROW IF NEED BE.
24  I PREPARED A COPY FOR THE DEFENSE, AND IF I MAY, SIR, MAY
25  I HAND UP THE COURT A HARD COPY AT THIS STAGE?

|   |   |
|---|---|
| 1 | **THE COURT:** YOU CAN. |
| 2 | I JUST -- THERE ARE SO MANY ACTUAL ISSUES IN THIS CASE |
| 3 | THAT THIS SEEMS LIKE A NONISSUE REALLY.  IT'S INTERESTING |
| 4 | BECAUSE INITIALLY IT WAS THE DEFENSE SAYING THEY DIDN'T WANT |
| 5 | THE NUMBER, AS I RECALL, OR IT DIDN'T WANT THE DESCRIPTION |
| 6 | OF -- DIDN'T WANT THE LOCATION DESCRIPTION TO SAY "WETLAND" OR |
| 7 | "TRIBUTARY".  SO I DRAFTED WHAT I DRAFTED BASED ON THAT. |
| 8 | THEN -- NOW THE DEFENSE IS COMING BACK AND ASKING ME TO |
| 9 | PUT IT IN, AND NOW THE GOVERNMENT DOESN'T WANT IT IN. |
| 10 | ALL THIS IS TRYING TO DO IS DESCRIBE THE LOCATION OF THE |
| 11 | SITE.  THAT'S REALLY ALL IT'S ABOUT.  HERE'S MY RULING. |
| 12 | I'LL TAKE OUT THE NUMBER.  AND IT WILL SAY "LOCATION," FOR |
| 13 | COUNT ONE "JURISDICTIONAL WETLANDS IN THE NORTHERN SECTION OF |
| 14 | THE SITE".  FOR TWO, IT WILL SAY "WITHIN A JURISDICTIONAL |
| 15 | TRIBUTARY".  AND FOR THREE, IT WILL SAY "JURISDICTIONAL |
| 16 | WETLANDS". |
| 17 | **MS. LEE:** THANK YOU, YOUR HONOR. |
| 18 | **MR. KEARNEY:** THANK YOU, SIR. |
| 19 | **THE COURT:** OKAY.  RESOLVED. |
| 20 | SO THE NEXT IS THE MISSING WITNESS INSTRUCTION.  I THINK |
| 21 | YOU BOTH MADE YOUR RECORD ON IT.  I'LL LET YOU ABOUT BE HEARD, |
| 22 | BUT YOU DON'T NEED TO REPEAT IT. |
| 23 | ESSENTIALLY, EVERYONE AGREES THAT THE NINTH CIRCUIT SAYS |
| 24 | THAT THERE ARE TWO REQUIREMENTS THAT MUST BE MET TO MAKE A |
| 25 | MISSING WITNESS INSTRUCTION APPROPRIATE.  THE FIRST IS THAT |

```
1    THE PARTY SEEKING THE INSTRUCTION MUST SHOW THAT THE WITNESS
2    IS PECULIARLY WITHIN THE POWER OF THE OTHER PARTY AND, TWO,
3    UNDER THE CIRCUMSTANCES AN INFERENCE OF UNFAVORABLE TESTIMONY
4    AGAINST THE NONMOVING PARTY FROM AN ABSENT WITNESS IS A
5    NATURAL AND REASONABLE ONE.  THAT'S THE NINTH CIRCUIT'S
6    *RAMIREZ* DECISION FROM 2013.
7         EVERYONE AGREES THAT WHETHER I GIVE A MISSING WITNESS
8    INSTRUCTION IS WITHIN MY DISCRETION, AND UNDER THE
9    CIRCUMSTANCES AND EXERCISING MY DISCRETION, I DON'T FIND THAT
10   EITHER PRONG IS MET SO AS TO WARRANT THE MISSING WITNESS
11   INSTRUCTION HERE.
12        THE RECORD APPEARS UNDISPUTED THAT DR. HUFFMAN WAS
13   SUBPOENAED BY THE DEFENSE, AND I DON'T FIND THAT UNDER THE
14   CIRCUMSTANCES HE'S PECULIARLY WITHIN THE POWER OF THE OTHER
15   PARTY ALONG THE LINES OF THE CASES.  THERE ARE CIRCUMSTANCES
16   THAT THE CASES TALK ABOUT SUCH AS THE WITNESS BEING DEPORTED
17   BY THE GOVERNMENT, FOR EXAMPLE.
18        AND FURTHER, I DON'T FIND THAT AN INFERENCE OF UNFAVORABLE
19   TESTIMONY IS A NATURAL AND REASONABLE ONE HERE.  DR. HUFFMAN'S
20   OPINIONS ARE CONSISTENT WITH THOSE THAT HAVE BEEN PRESENTED BY
21   THE GOVERNMENT THROUGHOUT.  ESSENTIALLY I THINK THE DEFENSE
22   WOULD LIKE TO IMPEACH DR. HUFFMAN, BUT I DON'T BELIEVE THAT
23   THERE'S ANY BASIS FOR CONCLUDING THAT THE SUBSTANCE OF
24   ANYTHING HE WOULD SAY AS DISCLOSED IN HIS REPORTS AND OTHER
25   MATERIALS TO DATE WOULD BE UNFAVORABLE TO THE GOVERNMENT.  SO
```

1  I WILL NOT GIVE THAT INSTRUCTION.
2      AND THEN WITH REGARD TO THE SUBSTANTIVE INSTRUCTIONS,
3  AGAIN, THE PARTIES HAVE BRIEFED THOSE AT LENGTH.  OBVIOUSLY
4  THIS CASE IS HEADED FOR FURTHER REVIEW ON LOTS OF DIFFERENT
5  DIMENSIONS, BUT MY OVERALL READ IS THAT TRYING TO COBBLE
6  TOGETHER SUBSTANTIVE INSTRUCTIONS AT THIS STAGE IS AN
7  INVITATION TO CONFUSION RATHER THAN CLARITY.
8      MY INCLINATION CONTINUES TO BE THAT THE INSTRUCTION THAT I
9  PROPOSED TO GIVE THAT IS BASED VERY CLOSELY ON *ROBERTSON*,
10 WHICH IS THE BEST MODEL I CAN FIND, REMAINS APPROPRIATE.  AND
11 HERE I DO THINK THE PARTIES HAVE AMPLY MADE THE RECORD.  I
12 WILL LET YOU BE HEARD, BUT I AM NOT INCLINED TO CHANGE THE
13 INSTRUCTION AT THIS POINT.
14          **MR. SMOCK:**  SUBMITTED, YOUR HONOR.
15          **THE COURT:**  ALL RIGHT.  SO ANYTHING ELSE?  THOSE WERE
16 THE THREE AREAS.
17          **MS. LEE:**  DEFENSE COUNSEL HAD GIVEN US A STIPULATION
18 REGARDING AGENT WENDY SU THAT THEY WANTED TO PUT INTO EVIDENCE
19 IN THEIR CASE-IN-CHIEF IN LIEU OF HER TESTIFYING.
20     WE REVIEWED THE STIPULATION, AND THE GOVERNMENT'S POSITION
21 IS THAT THE STIPULATION -- THE TWO PARAGRAPHS IN THERE ARE NOT
22 RELEVANT TO THE CASE.  THEY ARE OUTSIDE THE SCOPE OF HER
23 KNOWLEDGE AND EXPERTISE.
24     AND THE STIPULATION IS ASKING TO PUT IN A PARAGRAPH OF HER
25 DECLARATION WHERE SHE IS TALKING ABOUT A COUNT THAT IS NO

| | |
|---|---|
| 1 | LONGER A PART OF THE CHARGED INDICTMENT. |
| 2 | YOUR HONOR WILL RECALL THE FIRST INDICTMENT HAD AN "OTHER |
| 3 | WATERS" PRONG IN COUNT 2 WHICH WAS SUBSECTION A3.  IT'S THE |
| 4 | COUNT THAT HAS BEEN REFERENCED QUITE A BIT IN |
| 5 | CROSS-EXAMINATION ABOUT "OTHER WATERS" THAT ARE SUBJECT OR |
| 6 | THAT COULD AFFECT INTERSTATE COMMERCE. |
| 7 | THAT IS NOT A COUNT THAT THE DEFENDANT IS CHARGED WITH. |
| 8 | INTERSTATE COMMERCE AND ANY AFFECT ON IT IS NOT AN ELEMENT WE |
| 9 | NEED TO PROVE. |
| 10 | **THE COURT:**  LET ME STOP YOU.  THE ALTERNATIVE IS THEY |
| 11 | CAN CALL AGENT SU AND THEN YOU CAN OBJECT.  SO EITHER YOU ALL |
| 12 | CAN WORK SOMETHING OUT OR THEY CAN CALL AGENT SU, AND YOU |
| 13 | OBJECT AND WE WILL PROCEED. |
| 14 | **MS. LEE:**  IF -- OKAY.  SO JUST FOR THE RECORD, WE |
| 15 | WOULD OBJECT TO THE STIPULATION, THAT IT DOESN'T COME IN, BUT |
| 16 | THEN WE WOULD ASK -- |
| 17 | **THE COURT:**  I HAVEN'T SEEN IT. |
| 18 | **MS. LEE:**  I HAVE A COPY OF IT, YOUR HONOR. |
| 19 | **THE COURT:**  WHY DON'T YOU FINISH THE -- IN THE |
| 20 | ALTERNATIVE PORTION. |
| 21 | **MS. LEE:**  IN THE -- |
| 22 | **THE COURT:**  OBVIOUSLY IF IT IS NOT A STIPULATION, YOU |
| 23 | ARE NOT AGREEING TO IT, THEN IT'S NOT A STIPULATION.  THEN |
| 24 | THEY WILL NEED TO CALL AGENT SU. |
| 25 | **MS. LEE:**  WELL, IF THEY WERE TO CALL AGENT SU, OUR |

1    NEXT QUESTION WOULD BE WHETHER OR NOT THE DEFENSE HAS COMPLIED
2    WITH THE *TOUHY* REGULATIONS.
3        AS YOUR HONOR KNOWS AND DEFENSE COUNSEL WELL KNOWS, THE
4    REQUIREMENT WOULD BE THAT THEY WOULD HAVE TO WRITE A LETTER TO
5    THE AGENCY INFORMING THEM ABOUT WHAT PURPOSE THEY WOULD LIKE
6    FOR HER TO TESTIFY TO.  AND IF IT IS, INDEED, FOR THE REASONS
7    IN THAT STIPULATION, THE GOVERNMENT AGAIN WOULD RENEW THAT
8    IT'S NOT RELEVANT AND WOULD CONFUSE THE JURY AS TO A SPRONG
9    THAT IS NOT BEFORE THEM, AN INTERSTATE COMMERCE PRONG.
10           **MS. HANSEN:**  YOUR HONOR, I CAN ADDRESS THE *TOUHY*
11   REGULATIONS.
12       THIS IS QUITE FUNNY BECAUSE I HAD SENT THAT DECLARATION TO
13   THE GOVERNMENT, AND THEY INFORMED ME THAT IT DIDN'T APPLY TO
14   AGENT SU BECAUSE SHE IS AN EPA OFFICER.  SHE'S NOT DOJ
15   EMPLOYEE, SO SHE DOESN'T GET COVERED UNDER THE *TOUHY*
16   REGULATIONS; THAT WE HAD TO SUBPOENA HER DIRECTLY.  SHE THEN
17   AVOIDED SERVICE BY MY INVESTIGATOR SO WE HAD TO SERVE HER HERE
18   IN COURT.  SO SHE'S A PROPER WITNESS BEFORE THE COURT AND
19   *TOUHY* DOESN'T APPLY.
20       IT LOOKS LIKE WE ARE JUST GOING TO PLAN TO CALL HER
21   TOMORROW AND WE CAN ADDRESS THE COURT -- THE GOVERNMENT'S
22   RELEVANCE OBJECTION AT THAT TIME.
23           **THE COURT:**  I THINK SO.  IF YOU HAVE ARGUMENT THAT
24   YOU WANT TO MAKE IN THE MEANTIME, YOU SHOULD BRIEF IT.  IF YOU
25   ARE RAISING A *TOUHY* ARGUMENT OR ANYTHING ELSE, THEN YOU SHOULD

| | |
|---|---|
| 1 | FILE THAT TODAY SO THAT IT'S TEED UP FOR TOMORROW. YOU SHOULD |
| 2 | PROCEED ON THE ASSUMPTION IT SOUNDS LIKE THAT THE DEFENSE |
| 3 | INTENDS TO CALL AGENT SU. |
| 4 | **MS. LEE:** WE WILL FOLLOW UP ON THAT, YOUR HONOR. |
| 5 | **THE COURT:** ALL RIGHT. |
| 6 | OKAY. THEN JUST ONE LOGISTICAL POINT. I SAW THE |
| 7 | GOVERNMENT FILED THE LIST OF ADMITTED EXHIBITS TODAY; IS THAT |
| 8 | RIGHT? |
| 9 | **MR. KEARNEY:** WE DID, SIR. |
| 10 | **THE COURT:** SO ARE THOSE PARTIES INTENDING THAT THE |
| 11 | JURY WILL HAVE AN EXHIBIT LIST, AND IF SO, HAVE YOU TALKED |
| 12 | ABOUT HOW IT WILL LOOK? |
| 13 | **MR. KEARNEY:** WE HAVE NOT CONFERRED ABOUT HOW THAT |
| 14 | WOULD LOOK. MY UNDERSTANDING WAS THAT THE -- HAS THE DEFENSE |
| 15 | FILED THEIR OWN VERSION OF -- |
| 16 | **MS. HANSEN:** WE DID ON FRIDAY, YOUR HONOR. WE HAVE |
| 17 | OUR EXHIBIT LIST THAT WAS FILED. |
| 18 | **THE COURT:** THOSE WERE THE ADMITTED EXHIBITS? |
| 19 | **MS. HANSEN:** DEFENSE EXHIBITS, YES. |
| 20 | **THE COURT:** ALL RIGHT. |
| 21 | **MR. KEARNEY:** PERHAPS, YOUR HONOR, WE CAN JUST -- IS |
| 22 | IT THE COURT'S PRACTICE TO GIVE ADMITTED EXHIBIT LISTS TO THE |
| 23 | JURORS DURING THEIR DELIBERATIONS? |
| 24 | **THE COURT:** I AM TRYING TO THINK. I CERTAINLY |
| 25 | HAVEN'T HAD A CASE WITH THIS MANY EXHIBITS AND I WONDER HOW |

|   |   |
|---|---|
| 1 | THEY WILL MAKE HEADS OR TAILS OF IT IF THEY DON'T HAVE A LIST. |
| 2 | **MR. KEARNEY:** ONE -- WE CAN MEET AND CONFER |
| 3 | POTENTIALLY, BUT ONE THOUGHT WOULD BE TO OFFER THEM BOTH LISTS |
| 4 | IF THEY WANT -- IF THERE'S A PARTICULAR DOCUMENT OR THING THEY |
| 5 | WANT TO SEE OR FIND, IT MIGHT BE EASIER FOR THEM TO SCROLL |
| 6 | THROUGH THOSE LISTS TO FIND OUT WHAT THEY WANT TO SEE AND GIVE |
| 7 | US A NUMBER TO MAKE IT EASIER FOR THE COURT, BUT THE |
| 8 | GOVERNMENT'S WILLING TO SUBMIT THE MATTER TO THE COURT'S |
| 9 | DISCRETION. |
| 10 | **THE COURT:** I RECALL, THOUGH, WASN'T THERE SOME |
| 11 | DISPUTE, AT LEAST, AT SOME POINT AS TO THE CHARACTERIZATIONS |
| 12 | IN THE LISTS? |
| 13 | **MR. KEARNEY:** THE GOVERNMENT IN THAT REGARD, WE |
| 14 | BLOCKED OUT THE WORD "TRIBUTARY" ALL THROUGHOUT THE LIST. |
| 15 | THAT'S GONE FROM OUR LIST OF EXHIBITS. |
| 16 | **MR. SMOCK:** PERHAPS THE GOVERNMENT COULD SEND US A |
| 17 | COPY OF THE LIST, UNLESS YOU ALREADY DID. |
| 18 | **MR. KEARNEY:** WE FILED IT. |
| 19 | **MR. SMOCK:** OH, OKAY. |
| 20 | SO WE WILL LOOK IT, MEET AND CONFER. AND IF WE THINK |
| 21 | THERE NEEDS TO BE ANY CHANGES OR EDITS, WE WOULD CONFER AND |
| 22 | HOPEFULLY REACH AN AGREEMENT ABOUT IT. |
| 23 | THE ONLY THING I JUST WANT TO MAKE SURE OF IS THERE WERE A |
| 24 | NUMBER OF EXHIBITS WHERE THE GOVERNMENT WAS REDACTING THEM ON |
| 25 | THE FLY, AND I JUST WANTED -- ON THE SCREEN. I JUST WANTED TO |

| | |
|---|---|
| 1 | MAKE SURE THEY WERE AWARE THAT THAT NEEDED TO BE DONE. |
| 2 | **MR. KEARNEY:** THAT'S A POINT WELL-TAKEN. I'D FEEL |
| 3 | BETTER IF THE DEFENSE HAD A CHANCE TO LOOK AT WHAT WE FILED. |
| 4 | IF THERE'S ANY OBJECTIONS, LET US KNOW, WE WILL DEAL WITH |
| 5 | THEM, AND GET A FINAL LIST TO THE COURT IF WE NEED TO CORRECT |
| 6 | IT. |
| 7 | **MR. SMOCK:** THAT WOULDN'T JUST BE WITH RESPECT TO THE |
| 8 | LIST, IT WOULD BE WITH RESPECT TO THE ACTUAL EXHIBITS. I |
| 9 | FORGET WHO IT WAS THROUGH, DR. COATS, FOR EXAMPLE, I KNOW THAT |
| 10 | AGENT SU WAS PUTTING REDACTIONS ON THE SCREEN AS WE WENT. |
| 11 | **THE COURT:** I THINK IT WAS DR. GALACATOS. |
| 12 | **MR. SMOCK:** DR. GALACATOS. |
| 13 | **MR. KEARNEY:** AND DR. COATS, I THINK AS WELL. WE |
| 14 | CAN -- THAT'S A DIFFERENT ISSUE THAN THE ACTUAL DESCRIPTION ON |
| 15 | A LIST. |
| 16 | **THE COURT:** I THINK THERE ARE TWO ISSUES. ONE IS |
| 17 | JUST BE SURE THE REDACTIONS THAT WERE MADE AND AGREED DURING |
| 18 | THE TESTIMONY GET MADE AND THE EXHIBITS THAT GO TO THE JURY. |
| 19 | AND THEN WITH REGARD TO THE EXHIBIT LIST, WHY DON'T YOU MEET |
| 20 | AND CONFER. AND I THINK IT WOULD BE BETTER IF THEY HAVE SOME |
| 21 | ROADMAP TO THE HUNDREDS AND HUNDREDS OF EXHIBITS. AND IF |
| 22 | THERE IS A WAY TO PUT THAT TOGETHER IN A NONARGUMENTATIVE, |
| 23 | NEUTRAL WAY, I THINK THAT IS IN EVERYONE'S INTEREST. |
| 24 | **MR. KEARNEY:** YOUR HONOR, THERE IS ONE OTHER |
| 25 | POTENTIAL ISSUE. THERE IS AN OFFER OF PROOF SUBMITTED BY THE |

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   | DEFENSE REGARDING POTENTIAL TESTIMONY THAT WOULD HAVE BEEN           |
| 2   | RELEVANT TO THE -- IF THE COURT HAD MADE A DIFFERENT MEN'S REA       |
| 3   | RULING.                                                              |
| 4   |    DOES COURT HAVE THAT IN MIND?                      |
| 5   |       **THE COURT:**  I DO.            |
| 6   |       **MR. KEARNEY:**  THAT SUBMISSION? |
| 7   | WE UNDERSTAND MOTIVATION, OBVIOUSLY, FOR FILING THAT.  WE            |
| 8   | WOULD JUST OBJECT BECAUSE SEVERAL THINGS IN THAT SUBMISSION          |
| 9   | HAVE NOT BEEN TESTED BY CROSS.  FOR INSTANCE --                      |
| 10  | **THE COURT:**  WELL, IT'S NOT IN EVIDENCE.  I ASSUME YOU            |
| 11  | ARE PUTTING IT IN THE RECORD SO THAT IF ULTIMATELY A MEN'S REA       |
| 12  | REQUIREMENT IS FOUND, YOU CAN SAY WHAT YOU WOULD HAVE SAID,          |
| 13  | BUT IT IS NOT SOMETHING THAT WOULD BE ARGUED.  IT IS NOT             |
| 14  | EVIDENCE.                                                            |
| 15  | **MS. HANSEN:**  IT'S NOT EVIDENCE.  YOUR HONOR ACTUALLY             |
| 16  | GAVE ME PERMISSION TO DO THAT AT THE PRETRIAL CONFERENCE.            |
| 17  | **MR. KEARNEY:**  THAT'S FINE, SIR.  WE UNDERSTAND THAT.             |
| 18  | I JUST WANTED TO STATE ON THE RECORD THAT CERTAIN THINGS IN          |
| 19  | THERE WE THINK ARE HEARSAY LIKE, FOR INSTANCE, THE NEWARK            |
| 20  | POLICE DEPARTMENT PUTTING ON THEIR CAD PRINTOUT THAT THERE'S         |
| 21  | NO FEDERAL LAND, IT'S ALL PRIVATE PROPERTY.                          |
| 22  | THE GOVERNMENT WOULD OBJECT TO SEVERAL OF THE                        |
| 23  | CHARACTERIZATIONS IN THAT DOCUMENT, BUT WE UNDERSTAND WHY IT         |
| 24  | WAS FILED.                                                           |
| 25  | **THE COURT:**  ALL RIGHT.  AT THIS POINT I THINK IT'S               |

```
 1    NOT BEING USED FOR ANY PURPOSE OTHER THAN IT BEING IN THE
 2    RECORD.  IF THERE COMES A TIME WHEN ANY OF IT IS RELIED ON,
 3    THEN THAT WILL OCCASION A DIFFERENT APPROACH.
 4             MR. KEARNEY:  THANK YOU.
 5             MR. SMOCK:  WE ALSO, I THINK, ARE GOING TO MEET AND
 6    CONFER ABOUT A STIPULATION ABOUT PAYMENTS TO DAN MARTEL.  YOUR
 7    HONOR WILL RECALL THAT PRIOR TO TRIAL WE FILED A MOTION
 8    SEEKING DISCLOSURE OF INVOICES FOR ANY EXPERT WHO HAS BEEN
 9    PAID BY THE GOVERNMENT.
10        YOU WILL RECALL THAT WHILE DR. BOURSIER WAS ON THE STAND,
11    THE GOVERNMENT SHOWED US AN INVOICE THAT THEY APPARENTLY HAD
12    JUST THAT DAY.  WE DID A STIPULATION WITH RESPECT TO THAT.
13        YESTERDAY OR THE DAY BEFORE, WE RECEIVED AN EMAIL FROM THE
14    GOVERNMENT AFTER, OBVIOUSLY, MARTEL HAD TESTIFIED DESCRIBING
15    HIS INVOICE.  AGAIN, IT WOULD HAVE BEEN GOOD TO HAVE THAT TO
16    CROSS-EXAMINE HIM ABOUT, BUT WE GOT IT NOW.
17        SO THE BEST WE CAN DO AT THIS POINT IS DO A STIPULATION TO
18    THAT EFFECT, AND WE'RE WORKING ON FINALIZING THE WORDING OF
19    THAT.
20             MS. LEE:  SO THE RECORD IS CLEAR, THE GOVERNMENT
21    NEVER RECEIVED AN INVOICE FROM MR. MARTEL.  WE ASKED HIM TO
22    CREATE ONE LITERALLY OVER THE WEEKEND TO FIGURE OUT HOW MANY
23    HOURS YOU'VE WORKED, AND HE CREATED IT ON EMAIL AND SENT IT TO
24    US THE DAY THAT WE SENT IT TO DEFENSE COUNSEL.
25             MR. SMOCK:  I AM NOT ATTRIBUTING ANY ILL-WILL OR
```

```
 1    ANYTHING ON THE PART OF THE GOVERNMENT.  GIVEN THAT WE HAD
 2    ASKED FOR THESE INVOICES OVER AND OVER AGAIN, I GUESS ALL I
 3    WOULD SAY IS IT'S CONVENIENT THAT THERE WASN'T ANYTHING WHILE
 4    HE WAS ON THE STAND.  THAT'S TROUBLING TO THE DEFENSE THAT
 5    WHATEVER HAPPENED, IT WOULD HAVE BEEN APPROPRIATE, I THINK, TO
 6    DETERMINE THE NUMBER OF HOURS AND THE AMOUNT THAT HE BE
 7    BILLING BEFORE HE GOT ON THE STAND.  AND I GUESS I JUST LEVEL
 8    AN OBJECTION ON THAT POINT.
 9            THE COURT:  UNDERSTOOD.  SO I ASSUME THAT WHAT THE
10    PARTIES WOULD ASK ME TO READ THAT STIPULATION AT THE BEGINNING
11    OF WHAT IS, IN EFFECT, THE DEFENSE CASE?
12            MR. SMOCK:  YES.
13            THE COURT:  ALL RIGHT.  THAT SOUNDS FINE.
14       ALL RIGHT.  ARE THERE ANY OTHER ISSUES FOR TODAY?
15            MS. LEE:  NO.  THANK YOU, YOUR HONOR.
16            MR. KEARNEY:  I DON'T BELIEVE SO, SIR.
17            THE COURT:  ALL RIGHT.  SO I WILL FINALIZE THE
18    INSTRUCTIONS SHORTLY AND FILE THOSE SO YOU WILL HAVE THE
19    FINALS OF THE INSTRUCTION.
20       I GUESS THE VERDICT FORM SHOULD TRACK THE CHANGES THAT I
21    JUST MADE ON THE ELEMENT, CORRECT?  IT SHOULD LOOK THE SAME.
22            MR. KEARNEY:  WE AGREE.
23            THE COURT:  OTHERWISE IT WILL REMAIN AS PROPOSED.
24            MR. KEARNEY:  YES, SIR.
25            THE COURT:  ALL RIGHT.  SEE YOU TOMORROW AT 8:30.
```

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**

1      **MS. LEE:** THANK YOU.

2      **MS. HANSEN:** THANK YOU, YOUR HONOR.

3      (PROCEEDINGS CONCLUDED AT 10:25 A.M.)

6      **CERTIFICATE OF REPORTER**

7      I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

8    UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

9    CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

10   RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

12   *Diane E. Skillman*

13   DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

14   TUESDAY, FEBRUARY 20, 2018