STEVEN G. KALAR
Federal Public Defender
Northern District of California
ANGELA HANSEN
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:   (510) 637-3500
Facsimile:    (510) 637-3507
Email:         Angela_Hansen@fd.org

Counsel for Defendant LUCERO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES LUCERO,<br><br>  Defendant. | Case No.: CR 16–00107 HSG<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF RE: GOVERNMENT'S REQUEST FOR RESTITUTION CONDITION OF SUPERVISED RELEASE AND REQUEST TO VACATE HEARING**<br><br>**Court:** Courtroom 2, 4th Floor<br>**Hearing Date:** May 28, 2019<br>**Hearing Time:** 2:00 p.m. |

## INTRODUCTION

The Court cannot now order restitution as a special condition of supervised release. The Court recognized at sentencing that the government had not at that point provided sufficiently non-speculative figures on which to base a restitution order. Although the Court gave it significant additional time after sentencing, the government has failed to submit any further information to support its restitution request. With jurisdiction over the case now vested in the Ninth Circuit, and no solid, current information on which to base a finding of restitution, the Court may, or at least should, not order restitution as a special condition of supervised release. In addition, because the government failed to comply with the Court's May 14, 2019, filing deadline to submit briefing and evidence to support a restitution claim, next week's hearing date should be vacated.

## BACKGROUND

The Presentence Report indicated that restitution was required under the Mandatory Victims Restitution Act ["MVRA"], 18 U.S.C. § 3663A. PSR ¶¶ 45, 97. In its sentencing memorandum, Dkt. 260, the government requested restitution of $6,742,500, presumably based the landowners' "Victim Impact Statement," but without other factual or legal explanation. As Mr. Lucero explained at length in his pre-sentencing brief on PSR objections and restitution, Dkt. 256, the MVRA cited in the PSR does not authorize restitution in this case and, for several reasons, the Court could not order the restitution requested by the government as a condition of supervised release. In its Court-directed response to Mr. Lucero's sentencing memorandum and restitution arguments, Dkt. 269, the government conceded that the Court could order restitution, if at all, only as a condition of supervised release. The government also conceded that "restitution is limited to the counts of conviction," that is, the CWA violations. *Id.* at 13.

At sentencing, the Court rejected the government's argument that the Guidelines enhancement for substantial expenditure should apply. Sentencing Transcript ["ST"] at 7-15. It acknowledged, however, that although "the last communication the Army Corps of Engineers has had with the landowners," in 2015, directed them to "remove all unauthorized fill . . . to an approved upland location," now "the ownership group is hoping to avoid this cleanup based on their scaled-down

1  current plan." *Id.* at 12 (quotation marks omitted).  It admitted, with respect to any cleanup, "[t]he
2  magnitude, I guess at this point, is potential." *Id.* at 13.  The Court held that "the Government has
3  failed to meet the clear and convincing evidence burden to warrant this enhancement." *Id.* at 15.  The
4  government's argument was based on the same Victim Impact Statement that it relied on for its
5  restitution argument.  Dkt. 269 at 5-6.

6  With respect to restitution, at sentencing the Court noted its "substantial concerns about the
7  figures that have been floated and about my ability to order even discretionary restitution as a
8  condition of supervised release in any given amount." ST at 28.  "When I look through the record, it
9  seems to me that there are just multiple numbers. . . . [H]ow can I possibly say what the restitution
10  figure is at this point given these shifting numbers?" *Id.* (citing numbers from PSR and Victim
11  Impact Statement ranging from $862,000 to "6-plus million . . . including something called 'a 25-
12  percent contingency'").

13  The Court asked the parties whether they knew of any limit corresponding to the 90 days after
14  sentencing authorized for a district court to determine restitution under the MVRA "when the basis
15  for restitution is my discretionary authority as a condition of supervised release." *Id.* at 29.  Defense
16  counsel responded, "I'm not aware of whether or not the restitution hearing can be continued that
17  long as a discretionary restitution order," and suggested that the Court stay under the 90-day limit for
18  statutory restitution.  *Id.*  However, defense counsel argued that the government had an opportunity to
19  present evidence to support its restitution request and failed to do so, so "the Court should decline to
20  apply the discretionary restitution." *Id.* at 30.  The government asked for "30 to 45 days" to gather
21  more evidence." *Id.* at 30-31.

22  The Court decided "to continue this for 90 days for a restitution hearing," acknowledging that it
23  did not "know formally whether the 90-day cap applies under these circumstances." *Id.* at 31.  It set
24  an evidentiary hearing on restitution for May 28, 2019.  *Id.* at 31, 36-37.  The Court requested the
25  government's filing on restitution two weeks before the hearing date, and a defense response the
26  week before the hearing.  ST at 37 (requesting briefing from the government "two weeks before [the
27  hearing]").

28  The judgment, filed March 1, 2019, Dkt. 274, imposed a one-year term of supervised release,

DEFENDANT'S SUPP. MEMO RE: RESTITUTION
*LUCERO*, CR 16–00107 HSG

2

1  *id.* at 3, mandatory and standard conditions of supervision, *id.* at 3-4, and a special assessment. *Id.* at
2  6-7.  It stated, as a special condition of supervision, that Mr. Lucero "must pay any restitution and
3  special assessment that is imposed by this judgment and that remains unpaid at the commencement of
4  the term of supervised release." *Id.* at 5.  Under "Criminal Monetary Penalties," the judgment noted
5  that restitution was deferred and would be determined on May 28, 2019, and stated that an amended
6  judgment "will be entered after such determination." *Id.* at 6.
7       On March 4, 2019, Mr. Lucero filed a notice of appeal.  Dkt. 275.  After this Court denied him
8  bail pending appeal, Dkt. 290, he moved for bail in the Ninth Circuit.  On May 10, 2019, the Ninth
9  Circuit granted his motion for bail pending appeal and remanded to this Court "for the limited
10 purpose of establishing appropriate release conditions."  Dkt. 302.
11      After sentencing, on February 26, 2019, and on May 3, 2019, defense counsel emailed the
12 government to ask for missing discovery and supplemental information related to its restitution
13 request, specifically about the current development plan for the property and any communications
14 between the landowners and the Corps and/or EPA about the property.  The government did not
15 respond to either request.  Exhibit A, attached.  Moreover, the government did not file a post-
16 sentencing brief on restitution by the May 14, 2019, deadline set by the Court, nor has it requested an
17 extension of time or explained its failure to do so.

18                                    **ARGUMENT**

19 **I.    The Court should deny the government's requested restitution**

20      In his sentencing memorandum, Mr. Lucero addressed at length the government's request for
21 restitution, which was based on the PSR and the Victim Impact Statement.  Dkt. 256.  The Court
22 ordered the government to respond.  Dkt. 264.  The government filed a brief addressing the legal
23 arguments and submitted (1) a January 30, 2019 letter from the landowners' representative Tim
24 Steele that did not include any restitution figures, Dkt. 269-1; (2) a February 14, 2019, government
25 interview with Steele that referred to various recent development plans and maps, as well as the 2015
26 Corps letter and the previously submitted Victim Impact Statement, Dkt. 269-2; and (3) the Corps'
27 2015 letter to Steele.[1]  The government apparently obtained but did not submit to the Court or
28

---

[1] The Steele letter and interview that the government submitted before sentencing reflect a

provide to the defense some of the development documents and other materials Steele mentioned in his interview. Dkt. 269-2 at 2.

In the exhibits submitted by the government before sentencing, Steele explained that the landowners' current "plan is to not build on wetlands so they will not remediate unless required to by" the Corps. Dkt. 269-2 at 2. He also acknowledged that "[h]e has not had formal communication with the [Corps] subsequent to" the 2015 letter. *Id.* At sentencing, the Court concluded that the Victim Impact Statement was too speculative to support the "substantial expenditure" enhancement and doubted whether it was adequate to support a restitution special condition. The government itself acknowledged that the magnitude of any clean-up at this point was only "potential." Although the Court gave it ample opportunity, the government has not submitted any further evidence to support its restitution request.

The Court may not order restitution as a special condition of supervised release unless (1) the party seeking restitution was a victim of the conviction offense; (2) the conviction offense proximately caused the victim's losses; and (3) the eligible losses are able to be calculated with "reasonable certainty." *United States v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011). The government bears the burden of establishing the amount of the loss. 18 U.S.C. § 3664(e); *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008). The government has not carried its burden of giving the Court a basis for calculating any eligible losses that were proximately caused by Mr. Lucero's conviction conduct with "reasonable certainty."

On this record, the Court may not order restitution as a special condition of supervised release and it should vacate the upcoming hearing.[2]

---

strong desire to punish Mr. Lucero for discharging the fill on the landowners' property. Dkt. 269-1, 269-2. But a restitution special condition may not be imposed "'to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense.'" *United States v. Alvarez*, 835 F.3d 1180, 1184 (9th Cir. 2016) (quoting 18 U.S.C. § 3553(a)(2)(A); brackets added).

[2]Even if the government were to submit its filing late, this would unfairly deny Mr. Lucero an opportunity to respond or to investigate before the hearing. Not only did the government fail to submit its filing two weeks before the hearing, as required, it ignored two timely defense discovery requests related to restitution. Exhibit A.

DEFENDANT'S SUPP. MEMO RE: RESTITUTION
*LUCERO*, CR 16–00107 HSG

## II. The Court does not have jurisdiction to rule on the government's restitution request because the case is now on appeal

"Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals." *Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017).  None of the statutory or rule-based exceptions to this principle allows a district court to retain jurisdiction to impose a special condition of restitution.  *Cf.* 18 U.S.C. § 3664(d)(5) (MVRA); 18 U.S.C. § 3143(b) (Bail Reform Act); Fed. R. Crim. P. 46(c) (bail pending appeal); Fed. R. App. P. 4(b)(3)(B) (certain motions); Fed. R. App. P. 4(b)(5) (Rule 35(a) motions to correct a sentence).

The Ninth Circuit does not appear to have addressed whether a district court may impose a special condition of supervised release after a notice of appeal has been filed.  The few circuits that have addressed the issue are split (and the Seventh Circuit appears itself to be split).  *Compare United States v. Lucero*, 755 Fed. Appx. 384, 386 (5th Cir. 2018) (unpublished) (more than a year after defendant filed notice of appeal, district court lacked jurisdiction to amend judgment to "clarify" special search condition of probation that district court pronounced at sentencing but did not include in written judgment, but appellate court treated district court's order as "indicative ruling" under Rule Fed. R. App. P. 12.1(a) and Fed. R. Crim. P. 37(a)(3) and remanded to allow it to implement its invalid order); *United States v. Ray*, 831 F.3d 431, 437-38 (7th Cir. 2016) (criticizing its own prior opinions in *United States v. Taylor*, 796 F.3d 788, 791 (7th Cir. 2015), and *United States v. Ramer*, 787 F.3d 837 (7th Cir. 2015), endorsing *Taylor* concurring opinion and holding "that, whether or not it possesses jurisdiction to revise the conditions of supervised release while an appeal is pending, a district court should not exercise that jurisdiction without receiving permission" from the circuit pursuant to a Seventh Circuit rule); *with Taylor*, 796 F.3d at 791 (relying on *Ramer*, which involved supervised-release condition, to hold that language in *probation* statute[3] allowing district court to modify conditions "at any time" allowed district court to modify probation condition despite pending appeal); *United States v. D'Amario*, 412 F.3d 253, 255 (1st Cir. 2005) (rejecting argument that notice of appeal precluded district court from modifying supervised-release conditions).

---

[3]*Taylor* was on a term of probation while the appeal was pending, unlike Mr. Lucero who was sentenced to a future term supervised release that will be served after release from custody.

DEFENDANT'S SUPP. MEMO RE: RESTITUTION
*LUCERO*, CR 16–00107 HSG

As the government has acknowledged, any restitution ordered as a special condition of supervised release "is only payable upon commencement of supervised release and, therefore, payment of restitution to the victim landowners would only begin after completion of Lucero's term of imprisonment." Dkt. 269 at 11 n.10. Mr. Lucero has been granted bail pending appeal. If his appeal is successful, he may not be subject to restitution at all, or at least not on all three counts. *See United States v. Batson*, 608 F.3d 630, 637 (9th Cir. 2010) (limiting restitution special condition to loss caused by conviction conduct). Even if he loses on appeal, he will have to serve his 30-month sentence of imprisonment before his term of supervised release, and any restitution obligation, begins.

## CONCLUSION

Given the government's repeated failure to submit sufficient evidence to support a restitution amount with "reasonable certainty" and the uncertain state of the law regarding a district court's jurisdiction to impose a restitution special condition while an appeal is pending, the Court should not now impose the special condition. For these reasons, the Court should vacate the May 28, 2019, restitution hearing date.

Dated:   May 20, 2019                        Respectfully submitted,

                                             STEVEN G. KALAR
                                             Federal Public Defender
                                             Northern District of California

                                               /S/ Angela M. Hansen
                                             ANGELA HANSEN
                                             Assistant Federal Public Defender

# EXHIBIT A

**Angela Hansen**

| | |
|---|---|
| **From:** | Angela Hansen |
| **Sent:** | Friday, May 3, 2019 4:39 PM |
| **To:** | 'Yee, Helen (USACAN)'; 'Kearney, Philip (USACAN)' |
| **Subject:** | RE: Additional Discovery re: U.S. v. James Lucero |

Phil,

I still have not received any of the materials referenced in my February 26, 2019 email. As mentioned below, the Steele ROI produced in February is incomplete and we do not have the attachments and/or materials referenced in the interview. Please produce these items as soon as possible. Although your briefing is not due until May 14, if you plan to rely on any documents, materials, permits, plans, memos, restoration orders, etc., we need that underlying data and information as soon as possible so that we can review those materials to prepare for our filing, which is due on May 21.

**From:** Angela Hansen
**Sent:** Tuesday, February 26, 2019 10:49 AM
**To:** 'Yee, Helen (USACAN)' <Helen.Yee@usdoj.gov>; Kearney, Philip (USACAN) <philip.kearney@usdoj.gov>
**Subject:** RE: Additional Discovery re: U.S. v. James Lucero

Phil,

For the restitution hearing, we will need the documents referenced in this ROI, including the specific plan, REIR and development agreement and the tentative map for area four given that the plan is to not build on *any* wetlands. Please produce these materials as soon as you can.

Also please produce any correspondence (email, letters, etc.) between the Corps and/or the EPA with the Sobrato organization as it relates to the current development plan on the property.

Thanks,
Angela

**From:** Yee, Helen (USACAN) [mailto:Helen.Yee@usdoj.gov]
**Sent:** Tuesday, February 19, 2019 1:12 PM
**To:** Angela Hansen <Angela_Hansen@fd.org>
**Subject:** Additional Discovery re: U.S. v. James Lucero

Ms. Hansen:

Attached please find an **ROI of Tim Steele**, dated Feb 14, 2019, Bates JL-042457 – JL-042459.

Thank you.

1